**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

QUENTIN THORNTON,

Petitioner-Appellant,

v.

AL ESTEP; JOHN SUTHERS,
Attorney General of the State of
Colorado,

Respondents-Appellees.

No. 05-1263
(D.C. No. 05-Z-226)
(Colorado)

**ORDER**[*]

Before **MURPHY, SEYMOUR**, and **McCONNELL**, Circuit Judges.

Quentin Thornton, a Colorado state prisoner proceeding *pro se*[1], seeks a

certificate of appealability (COA) to challenge the district court's dismissal of his

habeas petition without prejudice for failure to prosecute.[2]  *See* 28 U.S.C. §

2253(c)(1) (Before a prisoner may appeal the dismissal of a 28 U.S.C. § 2254

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

[1] Because he is proceeding *pro se*, we review Mr. Thornton's pleadings and
filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.
Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] The district court also denied Mr. Thornton's application for a certificate
of appealability and his motion to proceed *in forma pauperis*.

motion, he must first obtain a COA.)  For the following reasons, we deny his application.

On or around August 6, 2001, Mr. Thornton pled guilty to possession of a controlled substance and was sentenced to 6 years in a community corrections program.  He was subsequently terminated from the program and re-sentenced to 3 years incarceration and 2 years mandatory parole.

Mr. Thornton filed a Rule 35 motion in the Colorado trial court, claiming his sentence was illegal because he was not advised of the 2-year mandatory parole before he pled guilty.  The trial court denied his motion without a hearing, the Colorado Court of Appeals affirmed, and on November 1, 2004, the Colorado Supreme Court denied his request for a writ of certiorari.  On February 4, 2005, Mr. Thornton filed a habeas petition pursuant to 28 U.S.C. § 2241 raising essentially the same claim he raised in the Colorado courts.  A magistrate judge ordered Mr. Thornton to file an amended pleading under 28 U.S.C. § 2254, which Mr. Thornton did on March 7.  The magistrate judge then ordered him to supplement his § 2254 petition within thirty days to show why it should not be dismissed as time-barred under the AEDPA's one-year limitations period.  The order indicated that if Mr. Thornton failed to comply by the April 10 due date, his petition would be dismissed without further notice.  Mr. Thornton failed to respond in the allotted time, and on April 20 the district court dismissed his petition without prejudice for failure to prosecute.

On April 27, Mr. Thornton filed a motion to amend/alter the dismissal order, arguing that he had been temporarily transferred from prison to the Denver County jail on an unrelated matter and the department of corrections had failed to forward the magistrate judge's order. On May 3, he filed a response to the magistrate judge's order asking him to supplement his petition, attempting to show that his § 2254 petition was timely. The district court treated his motion to alter or amend as a Rule 59(e) motion and denied it. Specifically, the court found it was Mr. Thornton's responsibility pursuant to D.C. Colo. L. CIV. R. 10.1M to inform the court of his new address.

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

"This court reviews the district court's ruling on a Rule 59(e) motion for abuse of discretion. Accordingly, this court will not reverse the decision of the district court unless the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1287 (10th Cir. 2003) (internal citation and quotation

-3-

marks omitted). The local rules provide in pertinent part that "[w]ithin ten days after any change of address . . . of any . . . pro se party, notice of the new address . . . shall be filed." D.C. Colo. L. Cɪᴠ. R. 10.1M. Mr. Thornton may not shift his burden under the rule to the department of corrections. It was his obligation to inform the court of his new address. Having failed to do this and having consequently failed to respond to the court's order in the time allotted, we cannot say the district court abused its discretion by dismissing Mr. Thornton's petition for failure to prosecute. Accordingly, we conclude Mr. Thornton has not shown "that jurists of reason could disagree with the district court's resolution of his . . . claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

Turning to Mr. Thornton's request for *in forma pauperis (ifp)* status, we conclude he has failed to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

For the aforementioned reasons, we **DENY** Mr. Thornton's motion to proceed *ifp*. We also **DENY** his application for a COA and **DISMISS** this appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge

-4-